# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

THE UNITED STATES OF AMERICA, ex rel. J. DOUGLAS STRAUSER, et al.,

    Plaintiffs,

vs.

STEPHEN L. LAFRANCE HOLDINGS, INC, *et al.,*

    Defendants.

Case No. 18-CV-673-GKF-FHM

## OPINION AND ORDER

Relator's Motion to Compel Designation of Custodians and Production of Documents, [Dkt. 163], and Walgreens' Motion for Leave to File Sur-Reply, [Dkt. 176], are before the court for decision.

## Background

This is a False Claims Act case in which Relator, on behalf of the United States and several states, alleges Defendant Pharmacies obtained overpayment of reimbursements from government funded healthcare programs by reporting their usual and customary (U&C) prices to the public were higher than their actual U&C prices. The instant case involves a drug price-match program implemented by USA Drug which allegedly ran from October 2008 through May 2013. The price-match program allegedly served to lower the U&C prices to rates lower than those reported to the government programs. In September 2012, Defendant Walgreens purchased USA Drug and in May 2013 the USA Drug stores that remained in operation were converted to Walgreens' systems, at which time the price match program was no longer in effect. The Arcadia

Valley Defendants' (AVD) involvement in the alleged pricing practice ended when the pharmacies were sold to Walgreens in September 2012.

## Analysis

### Identification of Custodians

This aspect of Relator's motion is moot, as the parties have agreed to search the electronic files of the persons named as additional custodians in Relator's motion.

### Walgreens' Communications with Government

In Request for Production No. 2, Relator requested all documents exchanged between the Defendants and the government concerning the investigation described in Request No. 1,[1] including correspondence and documents concerning legal defenses, preservation of evidence, or the calculation or estimate of damages from January 1, 2013 to present.[2]

Walgreens represents that in response to Request No. 2, it has provided all non-privileged responsive documents produced to the government during its investigation. [Dkt. 170, p. 11]. However, Walgreens objects to providing the documents it provided to

---

[1] Relator did not describe or provide the text of Request No. 1, so the court is left to guess as to its content.
[2] The opening brief by Relator does not comply with LCvR 37.2(d) which provides:
> Requests and responses Must be Submitted. The opening brief in support of a discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37 **shall** include a verbatim recitation of each interrogatory, request, answer, response[,] and objection which is the subject of the motion.

[emphasis supplied]. Relator failed to include a verbatim recitation of Defendants' responses and objections.

LCvR 37.2(d) is not meaningless procedure. Compliance with this rule enables the court to view a disputed discovery request in context with both the objections thereto and the arguments presented in the brief. Compliance with the rule saves the court from having to rummage through attached exhibits to appreciate the parties' dispute. Counsel are advised that compliance with LCvR 37.2(d) is expected and further, it is the responsibility of local counsel to ensure that the filings comply with the Local Rules.

the government in the course of settlement negotiations, arguing those documents are protected from discovery by Federal Rule of Evidence 408,[3] and by public policy favoring settlement of disputes. Walgreens further states that it withheld a small subset of documents that were confidential settlement communications exchanged between Walgreens' outside counsel and the government in which the attorneys exchanged mental impressions, expressly discussed the legal arguments and exposure contentions, and negotiated the possibility of settlement. Walgreens states that each of the withheld documents bore the designation on its face: "Confidential—Subject to FRE 408." [Dkt. 170, pp. 11-12].

Relator argues that the settlement communications withheld are discoverable because Federal Rule of Evidence 408 addresses only the admissibility of compromise negotiations, not the discovery of them. Relator advises that courts in the Tenth Circuit, including this one have declined to recognize a settlement privilege. *See Transportation Alliance Bank v. Arrow Trucking Co.,* Case No. 10-CV-16-GKF-FHM (N.D. Okla.), [Dkt. 178], 2011 WL 4964034 (finding Fed.R.Evid. 408 does not create a privilege from discovery, assessing relevance of discovery request and finding settlement agreement was relevant for discovery purposes, but drafts and communications concerning settlement were not relevant), *Trinity Mortg. Co., Inc. v. Dryer*, Case No. 09-CV-551-TCK-FHM (N.D. Okla.) [Dkt. 41], 2010 WL 2365525, at *2(finding documents related to settlement and negotiation were discoverable where client sued former attorney over

---

[3] Federal Rule of Evidence 408 provides that evidence of compromise, or offering to compromise a claim, or statements made during negotiations about a claim are not admissible to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction. Such evidence may be admitted for another purpose, such as proving a witnesses bias or prejudice.

conduct of the legal representation in the settled suit and damages are based, in part, on the amount of settlement).

The court finds that Rule 408 does not establish a settlement or negotiation privilege.  However, Fed. R. Civ. P. 26(b)(1) gives the court wide discretion to evaluate discovery requests to determine whether the discovery is relevant to the claims and defenses.  The court has the further responsibility to balance the possible relevance against such factors as the needs of the case and the importance of the requested discovery in resolving the issues.  Those considerations are not unlike the ones expressed by the Second Circuit in *In re Telligent, Inc. v. K&L Gates*, 640 F.3d 53, 58 (2nd Cir. 2011) where the Court recognized that confidentiality is an important feature in fostering the free flow of information in alternate dispute resolution.  The Court observed that it vigorously enforced the confidentiality provisions of its own settlement program.  In that case, the Court ruled that a party seeking disclosure of confidential mediation communications must demonstrate:  (1) a special need for the materials; (2) unfairness would result from a lack of discovery of the materials; and (3) the need for the evidence outweighs the interest in maintaining confidentiality.  *Id*.  The court finds it is appropriate to consider these same factors in applying Rule 26(b)(1) to the instant case.

In the present case, Walgreens has represented that it has withheld from production only a small subset of documents that were communications exchanged between counsel and the government regarding the possibility of settlement.  Relator has expressed that he desires to obtain these communications, but makes no argument that he has any special need of the information, or that it is unfair to deny him access to the

4

legal arguments and exposure contentions Walgreens communicated to the government in the negotiation of possible settlement. No argument has been made that any of the underlying facts about the case have been withheld or that the fact Walgreens attempted settlement is relevant to the claims or defenses herein. Further, no argument has been made that facts relevant to the claims and defenses are available only in the compromise negotiation communications. Based on these considerations, in the context of the particular factual situation presented herein, the court finds that Relator is not entitled to discover the withheld settlement negotiation communications.

The Motion to Compel is DENIED as to the communications exchanged between Walgreens and the government in settlement negotiations.

### Knowledge of Allegedly Fraudulent Overpayment

Request for Production of Document Nos. 3(b), 18, 19, and 21 seek documents regarding various aspects of the price match program and compliance with government rules, calculation of U&C charges, and policies and procedures related to U&C from January 2006 to the present. Relator has narrowed the time of its requests to January 1, 2006 through December 31, 2015. Defendants argue that the time frame is appropriately ended on December 2013.

Walgreens asserts that it acquired USA Drug in September 2012, USA Drug was converted to Walgreens computer system by May 2013, at which time the price matching that generated the instant claims against it ended. Walgreens asserts that after May 2013, the vast majority of documents would not be relevant to USA drug's price match program and reviewing those documents would not be proportional to the needs of the

case. Walgreens further represents that it reviewed documents through December 2013 and that documents from the post May 2013 time period comprise less than two percent of the documents produced. Walgreens asserts that, except for privileged documents, extending the search past December 2013 would not yield significant relevant documents, but would result in a significant increase in costs and fees associated in reviewing the documents. In reply, Relator asserts that extending the date to December 2015 is reasonable because Relator has asserted a claim for the knowing retention of overpayments and therefore communications after the price match ended are relevant.

The court is not persuaded that the additional burden imposed on Defendants to respond to Request Nos. 3(b), 18, 19, and 21 after December 2013 is proportional to the needs of the case. It is not disputed that the price match program at issue ended with the conversion of USA Drug's system into Walgreens' system by the end of May 2013. The general statements offered by relator in support of the extended time frame do not demonstrate the necessity of the additional discovery in comparison to the burden of producing the information.

The Motion to Compel is DENIED as to Relator's request to extend the time frame for Request Nos. 3(b), 18, 19, and 21 past December 2013.

Communications with Third Parties

Document Request Nos. 29 (AVD) and 33 (Walgreens) seek all documents reflecting or constituting communications with any Governmental Health Program or other third parties concerning Relator's allegations in this litigation or any "usual charge" or "usual and customary charge" rules or regulations.

Walgreens has agreed to provide responsive information through the end of 2013, but argues that production of such information through the present would involve production of work-product documents without any showing of substantial need.  AVD makes essentially the same arguments.  The relevant conduct in this case ended in mid-2013.  Walgreens has agreed to produce (or has produced) its communications with governmental agencies related to this lawsuit in response to Request No. 2.  Walgreens and AVD have agreed to provide the information sought in this request through the end of 2013.

Relator argues that extending the time frame for these requests is reasonable because Relator believes Defendants will attempt to obtain declarations favorable to their positions in this litigation from employees of government agencies by applying some form of duress.  Relator asserts that requiring production to the present will prevent surprise and needless future disputes.  As support for this contention, Relator cites *U.S. ex rel. Schutte v. Supervalu*, 2018 WL 1911346 (C.D. Ill.).  In that case, even though the case had been pending since 2011, the court ordered production of correspondence concerned with the matters at issue in that lawsuit between Defendant and any representatives of the 24 states or the United States sent after January 1, 2018.  The 2018 communications were ordered produced because in January 2018, Defendant's attorneys sent letters to two state agencies administering Medicaid stating that Defendant was prepared to serve subpoenas for documents and testimony on the agencies.  The letters offered to work with the agency to draft declarations to avoid the time and expense of responding to subpoenas.  Defendant produced the executed declarations, but resisted producing the

correspondence on the basis of work product. The court found the correspondence was not afforded work product protection because the state agencies were in a position adverse to Defendant. The court stated it limited production to correspondence after January 1, 2018 because that was when the letters were sent and that limitation was proportional to the needs of the case. *Id.* at *6-7.

Relator's presentation does not persuade the court that discovery of communications with third parties to the present date is proportional to the needs of the case. In the event Defendants submit declarations from employees of government agencies, Relator can seek to discover the circumstances surrounding such declarations if and when they are offered. If Defendants intend to submit declarations, it is expected that they be offered in such a way and at such time that Relator has a fair opportunity to engage in appropriate discovery.

The Motion to Compel is DENIED as to Request Nos. 29 and 33 for the time frame after December 2013.

<u>Walgreens' Analysis of Other Discount Programs</u>

Request for Production No. 19 seeks all documents concerning whether discounts, match prices, club prices, or other reductions affect the calculation of "usual and customary" charges reported to government health programs from January 1, 2006 to the present.

Walgreens represents it is "not withholding any documents that discuss other drug discount programs if those documents ***also*** address U&C pricing or price matching, as those documents are responsive to Relator's non-objectionable requests." [Dkt. 170, p.

15](emphasis in original). Walgreens states it objects to searching for and producing documents unrelated to the price-match program at issue. *Id.* Relator states that Walgreens' response is unclear about what it will produce and asks that Walgreens be compelled to produce documents that reflect its understanding of U&C, whether or not those documents reference this price match program. [Dkt. 173, p. 8].

The court finds that Walgreens' response is not unclear and that its response constitutes a sufficient response to Request No. 19. Walgreens represents it has produced (or will produce) documents that discuss other drug discount programs if those documents also address U&C pricing or price matching.

The Motion to Compel is DENIED as to Request No. 19.

## Motion For Leave to File Sur-Reply

The Motion by Walgreens for leave to file a sur-reply, [Dkt. 176], is DENIED. The court has resolved the issues without the need of additional briefing.

## CONCLUSION

Relator's Motion to Compel Designation of Custodians and Production of Documents, [Dkt. 163], and Walgreens' Motion for Leave to File Sur-Reply, [Dkt. 176], are DENIED.

SO ORDERED this 14th day of November, 2019.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE