IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

THE UNITED STATES OF AMERICA,
*ex rel.* J. DOUGLAS STRAUSER, *et al.*,

    Plaintiffs,

vs.

STEPHEN L. LAFRANCE HOLDINGS,
INC., *et al.*,

    Defendants.

Case No. 18-CV-673-GKF-FHM

**OPINION AND ORDER**

The Walgreens Defendants' Motion to Compel Relator to Respond to Their First Set of Requests For Admission, [Dkt. 268], has been fully briefed, [Dkt. 268, 269, 270], and is before the court for decision.

The Walgreens Defendants (Walgreens) sent 85 Requests for Admission to Relator. Walgreens seeks admissions as to whether: language quoted from statutes and regulations is accurate; whether cited regulations and statutes include a definition of what constitutes usual and customary prices. Substantively, Relator objected on the basis that 1) the admission called for a legal conclusion, or 2) Walgreens is able to determine the answer to the requests with the same level of certainty or burden as Relator. Procedurally, Relator objected to Request Nos. 26-85 on the grounds that the number of requests exceeds the number permitted under LCvR 36.1. In response, Walgreens limited the number of requests to 25 by selecting particular requests[1] to be answered. Relator has not submitted any further response to the amended list of Requests for Admission. Walgreens

---

[1] 1, 2, 3, 12, 17, 18, 20, 22, 24, 26, 27, 28, 41, 42, 43, 44, 49, 50, 53, 60, 61, 62, 77, 78, and 79.

argues that the Relator's responses are deficient under Fed.R.Civ.P. 36 and, under that Rule, Relator has an obligation to admit or deny the Requests for Admission.

The cases cited by Walgreens in support of its motion are distinguishable. In those cases the Requests for Admissions addressed provisions in documents related to the parties' disputes. The Requests for Admission did not, as in this case, contain a submission of the bare text or an excerpt from a statute or regulation and ask for an admission that the text was, or was not, correct.

The court will not require Relator to admit or deny that Walgreens has correctly typed statutory or regulatory language, nor will the court require Relator to admit what is contained within any statute or regulation. Courts have refused to require answers to such requests. *See S.E.C. v Gladstone*, 300 F.R.D. 505, 528 (D. N.M. 2014) (Fed.R.Civ.P. 36 does not require admissions unrelated to the facts of the case), *Disability Rights Counsel v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D. D.C. 2006) (although Rule 36 allows requests applying law to facts, one party cannot demand that the other admit the truth of a legal conclusion). There is more to the applicability and interpretation of a statute or regulation than the bare language contained therein. Further, although the parties may argue for the application or interpretation of a statute or regulation, it is for the court to make such application and interpretation, not the parties. Thus, requiring a party to admit to the content of a regulation or statute does not eliminate issues for trial, which is the purpose of Requests for Admission.[2] In accordance with the charge contained in Fed.R.Civ.P. 1,

---

[2] According to the Advisory Committee Notes for the 1970 Amendment to Rule 36, "Admission are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly to narrow the issues by eliminating those that can be."

addressing the scope and purpose of the Federal Rules of Civil Procedure, Fed.R.Civ.P. 36 pertaining to Requests for Admission is "construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of" this lawsuit. Therefore, even if the subject Requests for Admission could be construed as appropriate, the court is not persuaded that requiring answers to the Requests would advance the goal of eliminating issues for trial. Therefore, the court declines require Relator to answer the Requests for Admission. This result works no hardship on Walgreens as it does not foreclose any area of argument available to Walgreens that, based on the presence or absence of statutory or regulatory language, its actions were appropriate.

The Walgreens Defendants' Motion to Compel Relator to Respond to Their First Set of Requests For Admission, [Dkt. 268], is DENIED.

SO ORDERED this 16th day of July, 2020.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE