**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | ) | |
| J. Douglas Strauser, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00673-GKF-SH |
| | ) | |
| STEPHEN L. LAFRANCE HOLDINGS, | ) | |
| INC. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**JOINT NOTICE IN RESPONSE TO THE COURT'S JULY 15, 2021 ORDER**

The parties submit this Joint Notice in response to the Court's order dated July 15, 2021,

Dkt. 367.  The parties do not believe any of the pending evidentiary motions need to be adjudicated

prior to summary judgment because the parties believe the Court can resolve the motions for

summary judgment without considering any disputed evidence.

- **Relator's Position**: The evidentiary motions do not need to be decided
  given that as a matter of law Relator's motion should be granted on the identified
  issues of falsity and materiality; the evidence that Relator has attacked in his MILs
  and *Daubert* motions as inadmissible is also irrelevant to these summary judgment
  issues and not sufficient to create a genuine dispute as to the material facts.

- **Defendants' Position**: The evidentiary motions do not need to be decided
  given that, as a matter of law, Defendants' motion should be granted based on the
  application of the public disclosure bar and based on Relator's inability to show that
  Defendants knowingly submitted false claims.  The Court may grant relief
  entirely in Defendants' favor based on these independent and separate grounds that
  justify complete relief in Defendants' favor without consideration of any disputed
  evidence.

If, however, the Court deems any of the disputed evidence relevant to its summary

judgment ruling, the parties agree that the Court does not need to address at this time whether any

of the disputed evidence is admissible for purposes of trial; any resolution of evidentiary disputes

would be limited to the admissibility of that evidence for purposes of summary judgment.

1

- **Relator's Position**: Relator has noted in his summary judgment papers where certain evidence relied on by Defendants is inadmissible and addressed by a pending *Daubert* or MIL (Dkts. 344, 347, 350 (Relator's *Daubert* motions), Dkt. 355 (Relator's Motion in Limine to Exclude Testimony by Undisclosed Witnesses) & Dkt. 356 (Relator's Motion to Strike Hearsay Declarations and to Preclude Their Use at Trial)). As for Defendants' anticipated motion to strike Relator's affidavit, the affidavit is consistent with Relator's deposition testimony, statements, and the allegations in his complaints, which will be addressed more fully if and when Defendants file their motion.

- **Defendants' Position**: Defendants have demonstrated in their briefing why certain evidence that Relator has disputed is properly admitted for purposes of summary judgment, including in the *Daubert* briefing and in their oppositions to Relator's Motion in Limine to Exclude Testimony by Undisclosed Witnesses and Motion to Strike Hearsay Declarations and to Preclude Their Use at Trial, and that to the extent the Court deems that evidence relevant to its summary judgment ruling, it should be admitted for the reasons set forth in Defendants' briefing. In addition to the pending motions that the Court asked the parties to address through this joint filing, Defendants intend to file a motion to strike Relator's affidavit that he submitted in opposition to summary judgment as it pertains to the public disclosure bar of the federal False Claims Act and relevant state false claims acts because the affidavit contradicts Relator's prior testimony and statements. If the Court deems the disputed affidavit relevant to addressing the public disclosure bar issue, that evidentiary dispute may need to be resolved for purposes of summary judgment.

Dated:  August 16, 2021                          Respectfully submitted,

*/s/ Cory S. Buland*                              */s/ Selina Coleman*
William Christopher Carmody                       Frederick Robinson (*admitted pro hac vice*)
Arun Subramanian                                  Selina Coleman (*admitted pro hac vice*)
Cory S. Buland                                    Megan Fanale Engel (*admitted pro hac vice*)
SUSMAN GODFREY L.L.P.                             Daniel Z. Herbst (*admitted pro hac vice*)
1301 Avenue of the Americas, 32nd Fl.        Andrew Lu (*admitted pro hac vice*)
New York, New York 10019                          REED SMITH LLP
Tel.:  (212) 336-8330                             1301 K Street, N.W., Suite 1000 - East Tower
bcarmody@susmangodfrey.com                        Washington, D.C., 20005
asubramanian@susmangodfrey.com                    202-414-9200; 202- 414-9299 (facsimile)
cbuland@susmangodfrey.com                         frobinson@reedsmith.com
                                                  scoleman@reedsmith.com
                                                  mengel@reedsmith.com
Jonathan J. Ross                                  dherbst@reedsmith.com
TX Bar No.: 007791575                             andrew.lu@reedsmith.com
SUSMAN GODFREY L.L.P.
1000 Louisiana St. Suite 5100
Houston, TX 77002                                 James V. Garvey (*admitted pro hac vice*)

8365415v1/015845

Tel: (713) 651-9366
Fax: (713) 654-6666
jross@susmangodfrey.com

Halley W. Josephs
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA, 90067-4405
Tel: 310-789-3100
Fax: 310-789-3150
hjosephs@susmangodfrey.com

Shelley R. Slade
Janet L. Goldstein
VOGEL, SLADE & GOLDSTEIN, LLP
1300 Connecticut Ave., N.W., Suite 701
Washington, D.C. 20009
Tel.: 202-537-5903
sslade@vsg-law.com
jgoldstein@vsg-law.com

Michael Burrage
WHITTEN BURRAGE
512 North Broadway, Avenue, Suite 300
Oklahoma City, OK 73102
Tel:    405-516-7800
Fax:    405-516-7859
mburrage@whittenburragelaw.com

Joel L. Wohlgemuth
OK State Bar No. 9811
Jo Lynn Jeter
OK State Bar No. 20252
NORMAN   WOHLGEMUTH   CHANDLER
JETER BARNETT & RAY
401 S Boston Ave, Suite 2900
Tulsa, OK 74103
Tel.: (918) 583-7571
Fax:  (918) 584-7846
jlw@nwcjlaw.com
jlj@nwcjlaw.com


*Attorneys for Plaintiff/Relator J. Douglas
Strauser*

VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601
312-609-7712; 312-609-5005 (facsimile)
jgarvey@vedderprice.com

Caleb S. McKee
HOLDEN LITIGATION, Holden, P.C.
15 East 5th Street, Suite 3900
Tulsa, OK 74103
918-295-8888; 918-295-8889 (facsimile)
CalebMcKee@HoldenLitigation.com

*Attorneys for Stephen L. LaFrance Holdings,
Inc., Stephen L. LaFrance Pharmacy, Inc.,
and Walgreen Co.*

*/s/ Matthew M. Curley*
Matthew M. Curley (*admitted pro hac vice*)
Jeff Gibson (*admitted pro hac vice*)
John C. Eason (*admitted pro hac vice*)
Brian F. Irving (*admitted pro hac vice*)
BASS BERRY & SIMS PLC
150 Third Ave. South, Suite 2800
Nashville, Tennessee 37201
(615) 742-6200
mcurley@bassberry.com
jgibson@bassberry.com
jeason@bassberry.com
birving@bassberry.com

Mary Quinn Cooper (OBA #11966)
Jessica John Bowman (OBA #30388)
MCAFEE & TAFT
Two W Second Street, Suite 1100
Tulsa, OK 74103
(918) 587-0000
maryquinn.cooper@mcafeetaft.com
jessica.johnbowman@mcafeetaft.com

*Attorneys for Defendants Arcadia Valley
Drug Co., Daleco, Inc., Ellisville Drug
Acquisition Co., Jarco Pharmacies, Inc.,
Stephen LaFrance, Jr. and Jason LaFrance*

**<u>Certificate of Service</u>**

This certifies that all counsel of record were served via the Electronic Case Filing (ECF)

System on August 16, 2021.


/s/ *Cory S. Buland*
Cory S. Buland

8365415v1/015845